On modified ballot titles filed August 9,* modified ballot titles certified
August 17, 2001

Bridget FLANAGAN,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General for
the State of Oregon,
*Respondent,*

*and*

Greg WASSON,
*Intervenor.*

(SC S47890, S47891, S47892)
(Consolidated for Argument and Opinion)

30 P3d 411

Richard D. Wasserman, Assistant Attorney General, Salem, filed the Filing of Modified Ballot Titles for respondent. With him on the filing were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance *contra.*

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs, and De Muniz, Justices.

---

* 332 Or 318, 30 P3d 408 (2001) (referring ballot titles for modification).

The court in these consolidated ballot title review proceedings determined that the Attorney General's certified ballot titles for three proposed initiative measures, which the Secretary of State denominated as Initiative Petitions 7, 8, and 9 (2002), failed to comply substantially with statutory standards. *Flanagan v. Myers*, 332 Or 318, 30 P3d 408 (2001). Under Oregon Laws 2001, chapter 802, section 2 (now codified as ORS 250.085(8)), the court referred the ballot titles to the Attorney General for modification. The Attorney General has filed modified ballot titles for the proposed initiative measures, and no party to the ballot title review proceedings has objected. *See* ORS 250.085(9) (setting out period within which party may object to modified ballot title and requiring court to certify modified ballot title if no objection filed).

The modified ballot title for Initiative Petition 7 (2002) states:

"AMENDS CONSTITUTION: REQUIRES OWNERS OF PRIVATE PROPERTY OPEN TO PUBLIC TO PERMIT FREE SPEECH ON ALL SUBJECTS

"RESULT OF 'YES' VOTE: 'Yes' vote requires owners of private property open to public to permit free speech on all subjects, including petitioning, political campaigning, commercial advertising, religion, obscenity.

"RESULT OF 'NO' VOTE: 'No' vote rejects requiring owners of private property open to public to permit speech on all subjects, including petitioning, political campaigning, commercial advertising, religion, obscenity.

"SUMMARY: This measure would amend the Oregon Constitution. The Constitution now entitles persons to collect initiative signatures on public property, but does not entitle persons, over an owner's objection, to collect initiative signatures or engage in other types of speech or expressive activity on private property. The measure would extend the right of free speech 'on any subject whatever' to interior and exterior areas of all private property open to the general public, without exception. Measure thus would require owners of such property to permit all expressive activities, including circulation of petitions and solicitation of signatures for initiative petitions; political campaigning;

commercial advertising; religious speech; and obscenity. Measure would prohibit the application of civil and criminal trespass laws to nullify or detract from that right."

The modified ballot title for Initiative Petition 8 (2002) states:

"AMENDS CONSTITUTION: EXPANDS RIGHT TO PETITION FREELY TO ALL LOCATIONS IN PRIVATELY-OWNED BUSINESSES OPEN TO PUBLIC

"RESULT OF 'YES' VOTE: 'Yes' vote expands signature-gathering right, requiring owner of any private business open to public to permit citizens to solicit petition signatures anywhere on premises.

"RESULT OF 'NO' VOTE: 'No' vote rejects expanding signature-gathering right to require privately-owned businesses open to public to permit citizens to solicit petition signatures anywhere on premises.

"SUMMARY: This measure would amend the Oregon Constitution. The Constitution now entitles persons to collect initiative signatures on public property, but does not entitle persons, over an owner's objection, to collect initiative signatures on private property. The measure would extend citizens' right to petition, entitling citizens to petition freely in any privately-owned business to which the public is invited. The measure thus would require owners of such businesses to permit citizens to solicit petition signatures, without interference, at all interior and exterior areas of those businesses, without exception. The measure would prohibit the application of civil and criminal trespass laws to nullify or detract from that right."

The modified ballot title for Initiative Petition 9 (2002) states:

"AMENDS CONSTITUTION: EXPANDS PETITIONING RIGHT TO ALL PRIVATELY-OWNED BUSINESSES OPEN TO PUBLIC, SUBJECT TO REASONABLE REGULATION

"RESULT OF 'YES' VOTE: 'Yes' vote expands signature-gathering right, requiring owners of private businesses open to public to permit citizens to solicit petition signatures, subject to reasonable regulation.

"RESULT OF 'NO' VOTE:    'No' vote rejects expanding signature-gathering right to require privately-owned businesses open to public to permit citizens to gather signatures subject to reasonable regulation.

"SUMMARY:    This measure would amend the Oregon Constitution. The Constitution now entitles persons to collect initiative signatures on public property, but does not entitle persons, over an owner's objection, to collect initiative signatures on private property. The measure would extend citizens' right to petition, entitling citizens to petition freely in any privately-owned business to which the public is invited, subject to reasonable time and place regulations. The measure thus would require owners of such businesses to permit citizens to solicit petition signatures, at all interior and exterior areas of those businesses, imposing only reasonable time and place regulations. The measure would prohibit the application of civil and criminal trespass laws to nullify or detract from that right."

The modified ballot titles are certified. The appellate judgment shall issue in accordance with ORS 250.085(9).